UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| DAVID B. TURNER, JR., | Civil No.   13-0868 LAB (WVG) |
|---|---|
| Petitioner, | |
| v. | **ORDER DISMISSING CASE WITHOUT PREJUDICE** |
| SAN DIEGO SHERIFFS 5 DOES, | |
| Respondents. | |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

**FAILURE TO SATISFY FILING FEE REQUIREMENT**

Petitioner has failed to either pay the $5.00 filing fee or move to proceed in forma pauperis. This Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis. *See* Rule 3(a), 28 U.S.C. foll. § 2254.

**FAILURE TO NAME PROPER RESPONDENT**

Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. See id. "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge

1  of state penal institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's
2  note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named
3  respondent shall be the state officer who has official custody of the petitioner (for example, the
4  warden of the prison).'" *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

5  Here, Petitioner has incorrectly named "San Diego Sheriffs 5 Does," as Respondent. In
6  order for this Court to entertain the Petition filed in this action, Petitioner must name the warden
7  in charge of the state correctional facility in which Petitioner is presently confined or the
8  Director of the California Department of Corrections. *Brittingham v. United States*, 982 F.2d
9  378, 379 (9th Cir. 1992) (per curiam).

10  **FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

11  Further, habeas petitioners who wish to challenge either their state court conviction or the
12  length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C.
13  § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Ordinarily, to satisfy the
14  exhaustion requirement, a petitioner must "'fairly present[]' his federal claim to the highest state
15  court with jurisdiction to consider it, or . . . demonstrate[] that no state remedy remains
16  available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted). Moreover,
17  to properly exhaust state court remedies a petitioner must allege, <u>in state court</u>, how one or more
18  of his or her federal rights have been violated. For example, "[i]f a habeas petitioner wishes to
19  claim that an evidentiary ruling at a state court trial denied him [or her] the <u>due process of law
20  guaranteed by the Fourteenth Amendment</u>, he [or she] must say so, not only in federal court, but
21  in state court." *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)(emphasis added). Nowhere
22  on the Petition does Petitioner allege that he raised his claims in the California Supreme Court.

23  Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death
24  Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ
25  of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation
26  period shall run from the latest of:

27        (A) the date on which the judgment became final by the
      conclusion of direct review or the expiration of the time for seeking
28        such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

## **FAILURE TO STATE A COGNIZABLE CLAIM ON HABEAS CORPUS**

Finally, it appears to the Court that a Petition for Writ of Habeas Corpus brought pursuant to § 2254 is not the proper vehicle for the claims Petitioner presents. Challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Id.* at 500. On the other hand, a § 1983 action is a proper remedy for a prisoner who is making a constitutional challenge to the conditions of his confinement, but not to the fact or length of his custody. *Id.* at 499; *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997).

Petitioner alleges he was "punched in my face while on the ground handcuffed by 6 deputies and hit with taser 4-5 times," which he claims was excessive force. (Pet.4, 6, 7, ECF No. 1.) Petitioner's claim is not cognizable on habeas because it does not challenge the constitutional validity or duration of confinement. *See* 28 U.S.C. 2254(a); *Preiser*, 411 U.S. at 500; *Heck v. Humphrey*, 512 U.S. 477, 480-85 (1994). "Section 2254 applies only to collateral attacks on state court judgments." *McGuire v. Blubaum*, 376 F. Supp. 284, 285 (D. Ariz. 1974). In no way does Petitioner claim his state court conviction violates the Constitution or laws or treaties of the United States. It appears that Petitioner challenges the conditions of his confinement, but not the fact or length of his custody. Thus, Petitioner has not stated a cognizable habeas claim pursuant to § 2254.

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES** this action without prejudice and with leave to amend. If Petitioner wishes to proceed with a 28 U.S.C. § 2254 action, he must, **no later than June 18, 2013:** (1) pay the $5.00 filing fee or submit adequate proof of his inability to pay the fee; **AND** (2) file a First Amended Petition that cures the pleading deficiencies outlined in this Order. If Petitioner wishes to challenge the conditions of his confinement, he must file a new civil rights action pursuant to 42 U.S.C. § 1983 which will be given a new case number. ***The Clerk of Court is directed to mail Petitioner a blank motion to proceed in forma pauperis form, a blank First Amended Petition form, and a blank 42 U.S.C. § 1983 civil rights complaint form together with a copy of this Order.***

**IT IS SO ORDERED.**

DATED: April 12, 2013

*Larry A. Burns*
HONORABLE LARRY ALAN BURNS
United States District Judge