# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID B. TURNER, Jr.,<br><br>　　　　　　　　　　Petitioner,<br><br>　　v.<br><br>CAPTAIN MADSON, et al.,<br><br>　　　　　　　　　　Respondents. | Civil No.　13-0868 LAB (WVG)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

On April 10, 2013, Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) The case was dismissed without prejudice and with leave to amend on April 15, 2013. (ECF No. 2). Petitioner was given until June 18, 2013, to satisfy the filing fee requirement and file a First Amended Petition that cured the pleading deficiencies outlined in the Court's Order. (*Id.*)

On June 19, 2013, Petitioner filed a motion to proceed in forma pauperis, which was granted on July 2, 2013, and, after being granted an extension of time, a First Amended Petition on July 16. (*See* ECF Nos. 3, 6-7.) The First Amended Petition was dismissed without prejudice and with leave to amend on July 19, 2013, and Petitioner was given until September 5, 2013, to file a Second Amended Petition that cured the

///

pleading deficiencies outlined in the Court's dismissal Order. (ECF No. 8.) Petitioner filed a Second Amended Petition on August 1, 2013. (ECF No. 9.)

**FAILURE TO NAME PROPER RESPONDENT**

Review of the Petition reveals that Petitioner has again failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. See id. "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

Here, Petitioner has incorrectly named "Captain Madson" and "Public Defenders" as Respondents. In order for this Court to entertain the Petition filed in this action, Petitioner must name the person in charge of the state correctional facility in which Petitioner is presently confined.

**EXHAUSTION AND FAILURE TO STATE A COGNIZABLE CLAIM**

Petitioner alleges four claims in his petition. Claim one alleges his due process rights were violated and he received ineffective assistance of counsel, and, according to Petitioner, is exhausted. (Second Am. Pet. at 6, ECF No. 9.) Claims two through four are captioned as challenges to the conditions of his confinement, but, upon reading the allegations, claims two and three are attacks on his convictions, while claim four alleges excessive force was used upon him while in custody. (*Id.* at 6-9.) In addition, claims two through four are unexhausted. (*Id.* at 7-9.)

Challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement

are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Id.* at 500. On the other hand, a § 1983 action is a proper remedy for a prisoner who is making a constitutional challenge to the conditions of his confinement, but not to the fact or length of his custody. *Id.* at 499; *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997).

To the extent Petitioner is seeking to attack the conditions of his confinement, his claims are not cognizable on federal habeas review. *See* 28 U.S.C. 2254(a); *Preiser*, 411 U.S. at 500; *Heck v. Humphrey*, 512 U.S. 477, 480-85 (1994). "Section 2254 applies only to collateral attacks on state court judgments." *McGuire v. Blubaum*, 376 F. Supp. 284, 285 (D. Ariz. 1974). In addition, Petitioner currently has a 42 U.S.C. § 1983 case pending in this Court in case no. 13cv1133 WQH (BGS). If the civil rights claims he seeks to bring in this pleading relate to the matters alleged in case number 13cv1133 WQH (BGS), he should bring those claims in his current, pending civil rights case. If they are new claims, he must file a new 42 U.S.C. § 1983 action which alleges those claims.

As to any habeas corpus claims Petitioner seeks to bring in this Court which seek to invalidate his conviction, he has not alleged exhaustion as to claims two and three. Those claims appear to allege he was not properly advised of the consequences his guilty plea. (*See* Pet. at 7-8.) If Petitioner wishes to bring those claims here, he must first exhaust his state court remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Ordinarily, to satisfy the exhaustion requirement, a petitioner must "'fairly present[]' his federal claim to the highest state court with jurisdiction to consider it, or . . . demonstrate[] that no state remedy remains available." <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted). Moreover, to properly exhaust state court remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her

federal rights have been violated.  For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the <u>due process of law guaranteed by the Fourteenth Amendment</u>, he [or she] must say so, not only in federal court, but in state court." *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)(emphasis added).

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending.  28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings.").  However, absent some other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

/ / /

## **PETITIONER MAY NOT ATTACK MORE THAN ONE CONVICTION IN A SINGLE HABEAS CORPUS ACTION**

Finally, Petitioner attacks two separate convictions in this single proceeding. (*See* Second Am. Pet. at 1, ECF No. 9.) Unless the criminal matters he seeks to challenge were consolidated, Petitioner must file a separate federal habeas corpus action pursuant to 28 U.S.C. § 2254 for each state court conviction he seeks to challenge.

## **CONCLUSION**

For the foregoing reasons, the Court **DISMISSES** this action without prejudice and with leave to amend. If Petitioner wishes to proceed with a 28 U.S.C. § 2254 action, he must, **no later than September 26, 2013**, file a Third Amended Petition that cures the pleading deficiencies outlined in this Order. ***The Clerk of Court is directed to mail Petitioner a blank Third Amended Petition form and a blank 42 U.S.C. § 1983 civil rights complaint form together with a copy of this Order.***

**IT IS SO ORDERED.**

DATED: August 7, 2013

*Larry A. Burns*
HONORABLE LARRY ALAN BURNS
United States District Judge